IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGINALD LEAMON ROBINSON,           :

      Plaintiff Pro Se           :

                           :

v.                                  :   Case No. 1:18-cv-00518-TMN

                           :

TRUSTEES OF HOWARD UNIVERSITY, INC.,  :
et al.                              :

      Defendants            :

_____   :

**PLAINTIFF PRO SE'S RESPONSE TO SHOW CAUSE ORDER AND MOTION**
***NUNC PRO TUNC*** **TO FILE AN AMENDED COMPLAINT**

On May 17, 2018, plaintiff filed an amended complaint against defendants.[1]  On May 21, 2018, this Court issued to plaintiff a show cause order on whether plaintiff's amended complaint was proper, requiring a matter of course filing under Rules 15(a)(1) *and* 4(d)(4) or by seeking leave to amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").  In this response to the show cause order and to the motion to seek leave to file such a complaint, Plaintiff Reginald Leamon Robinson, by and through himself, states that under Rules 15(a)(1) *and* 4(d)(4), he is entitled to amend his pleadings once as a matter of course and as an absolute right if defendants have not filed responsive pleadings during their statutory time to answer plaintiff's original complaint. In the alternative, plaintiff moves this Court *nunc pro tunc* to treat his aforementioned

---

[1] If the Court viewed Plaintiff's amended complaint as falling only under Rule 15(a)(2), then it did not comply with local rule LCrR 47(g) as it was not accompanied by a motion for leave of this Court to amend the original complaint.

RECEIVED
MAY 2 9 2018
Clerk, U.S. District and
Bankruptcy Courts

filed amended complaint as if the Court had already granted him leave to amend his complaint under Rule 15(a)(2).[2] As grounds therefore, plaintiff provides as follows:

The original Complaint, filed on February 24, 2018, and entered on the docket on February 26, 2018, alleges that the Trustees of Howard University, Inc., Anthony K. Wutoh, Vanessa Love, and Candi N. Smiley ("defendants"), having no Title IX jurisdiction under Howard University's Title IX Policy ("Policy") and having failed to meet their burden of proof by the preponderance of the evidence as required by OCR's guidance, found that plaintiff was responsible for engaging in sexual harassment in violation of its Policy, even though on September 17, 2015 plaintiff's quiz, words, actions, and conduct were not of a *sexual* nature, even though the two complaining upper class law students may have filed highly subjective and speculative allegations of sexual harassment against plaintiff, and even though defendants' Notice of Findings ("Findings"), which issued on May 4, 2017, was devoid of findings of material facts and conclusions on the factual and/or legal predicates of sexual harassment. The erroneous Findings were conclusory and flowed inexorably from sex-based discrimination in violation of Title VII and of common law claims.

Plaintiff's proposed amendment would fully set forth additional statutory violations suffered by plaintiff by adding Title IX claims against Trustees of Howard University, Inc. The new counts are supported by defendants' actions and/or omissions as alleged in the complaint, and plaintiff, while adducing new facts and addressing deficiencies, did not add futile counts.

---

[2]     Per local rules LCvR 7(m), in an email dated May 23, 2018 at 12:09pm, plaintiff asked defendants if they would oppose plaintiff's amended complaint. Defendants have yet to declare whether they will oppose the amended complaint and on what grounds. On May 24, 2018, plaintiff spoke to defendants by telephone, and at that time, defendants did not indicate whether they would oppose plaintiff's amended complaint.

The Court should allow plaintiff to file his amended complaint for the following reasons. Under F.R.C.P. Rules 15(a)(1) *and* 4(d)(4), when read together, which guarantee plaintiff an absolute right to amend his complaint once at any time before the defendants have filed responsive pleading, the Court must recognize plaintiff's right to amend. Under a liberal reading of F.R.C.P. Rule 15(a)(2), in the name of justice, the Court in its sound discretion should grant plaintiff's request for leave to amend its pleadings, unless a good reason exists to the contrary.[1] First, plaintiff's amendment has not been unduly delayed. Second, because defendants were put on at the very least inquiry notice of the defendants' potential Title IX violations, defendants would not be prejudiced. Lastly, plaintiff's amendments would not be futile.[2]

Accordingly, under Rules 15(a)(1) *and* 4(d)(4), plaintiff now files his response to this Court's show cause order and requests that the order be discharged. In addition, plaintiff moves this Court for an order *nunc pro tunc* permitting his already filed amended complaint to be treated as having been granted by leave of this Court under Rule 15(a)(2).

## ARGUMENT

Under the Federal Rules of Civil Procedure, Rule 15(a)(1)(A) provides that plaintiff "may amend its pleadings once as a matter of course within 21 days after serving it." F.R.C.P. Rule 15(a)(1)(A). Once the plaintiff has served a Rule 4(d) request, asking

---

[1] "When a plaintiff's amendment of the complaint is "as a matter of course" under Rule 15(a)(1), the plaintiff's filing of a motion requesting the court's leave to amend does neither nullifies the plaintiff's right to amend, nor invokes the court's authority to deny leave." *National City Montg. Co. v. Navarro*, 220 F.R.D. 102, 105 n. 2 (D.D.C. 2004) (citing *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002)).

[2] Plaintiff seeks to amend his claims to more thoroughly frame the additional relevant statutory violations before this Court. Moreover, Plaintiff has requested no previous amendments to the pleadings. Therefore, no basis exists to conclude that Plaintiff has repeatedly failed to cure deficiencies in previous amendments.

a defendant to waive service of process by summons, defendant will have not 21 days but 60 days to answer the complaint if the defendant is a domestic party and if the defendant timely returns the waiver to the court. *Id.*, Rule 4(d)(3). Together, Rules 15(a)(1) *and* 4(d)(4), after defendants have signed the waiver, would allow a party to amend its pleadings once as a matter of course within 60 days after serving it if defendant has not filed responsive pleadings or if the court has not ruled on a motion to dismiss. *Id.*, Rule 4(d)(4) ("When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint has been served at the time of filing the waiver."). Under Rule 15, a motion is not a responsive pleading. *Appalachian Voices v. Chu*, 262 F.R.D. 24, 27 (D.D.C. 2009).

It is axiomatic that per F.R.C.P. Rule 15(a)(1), plaintiff has a guaranteed, absolute right to file an amended complaint if defendant has not filed a responsive pleading. As the D.C. Circuit Court declared in *James V. Hurson Associates, Inc. v. Glickman*, Rule 15(a)(1) "guarantee[s] a plaintiff an absolute right to amend its complaint once at any time before the defendant has filed a responsive pleading." 229 F.3d 277, 283 (D.C. Cir. 2000); *Appalachian Voices*, 262 F.R.D. at 27 (citing *James V. Hurson Associates, Inc. v. Glickman*, 229 F.3d 277, 282-83 (D.C. Cir. 2000)). The D.C. Circuit Court has repeatedly clarified that under Rule 15(a), a motion to dismiss or for summary judgment "is not a responsive pleading." *James*, 229 F.3d at 283 (citing *Confederate Memorial Ass'n v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993) (stating that as a "motion to dismiss is not ordinarily considered a 'responsive pleading' . . . under Rule 15(a), appellants could have amended their complaint as of right prior to the court's decision on the motions.")).

Likewise, under the Federal Rules of Civil Procedure, Rule 15(a)(2) also provides that leave to amend shall be freely given when justice requires. "Leave to amend a complaint should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." *Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999); *Parker v. John Moriarty & Assoc.*, 249 F.Supp.3d 507, 511 (D.D.C. 2017). The United States Supreme Court has declared that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Davis v. Liberty Mut. Co.*, 871 F.2d 1134, 1136 (D.C. 1989). Thus, the burden is on the opposing party to show that reasons exist to deny leave *nunc pro tunc*. *In re Vitamins Antitrust Litigation*, 217 F.R.D. 30, 32 (D.D.C. 2003). The Supreme Court explained that "if the underlying facts or circumstances relied upon by a plaintiff may be a proper source of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

The law is well-settled that leave to amend a pleading should be denied only where there is undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudices, or futility of amendment. *Firestone v. Firestone*, 76 F.R.D. 307, 310 (D.D.C. 2003).

I.    Plaintiff Is Entitled To Amend His Complaint Because Defendants Have Not Filed Responsive Pleadings and this Court Has Not Ruled on a Motion to Dismiss.

Under F.R.C.P 15(a)(1), "a party may amend its pleadings once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service a motion under 12(b), (e), or (f), whichever is earlier." *S.K. Innovation, Inc.*

*v. Finpol*, 854 F.Supp.2d 89, 115 (D.D.C. 2012) (citing F.R.C.P. Rule 15(a)(1)(A)-(B)).

Under Rule 4(d), where a party has waived process of summons, the party shall have 60

day to respond to a plaintiff's complaint. *See Technologists, Inc. v. MIR's Ltd*, 725

F.Supp.2d 120, 125 (D.D.C. (2010) (citing F.R.C.P. Rule 4(d)(3)).   And under Rule

4(d)(4), "[w]hen the plaintiff files a waiver, . . . these rules apply as if a summons and

complaint had been served at the time of filing the waiver."  *Technologists, Inc.*, 725

F.Supp.2d at 125 (citing F.R.C.P. Rule 4(d)(4)).

Given the foregoing, a defendant would ordinarily have 21 days to respond to

plaintiff's original complaint if the defendant had been process served with a summons.

Under the F.R.C.P. Rule 4(d), a defendant would receive more time for accepting the

waiver of summons request, *viz.*, 60 days.  *See id*.  In order for Rule 4(d)(4) to be

construed so that it grants an analogous period for a defendant to file responsive

pleadings, then Rules 15(a)(1) *and* 4(d)(4) must grant a defendant 60 days to file

responsive pleadings.

According to the Court's docket entries, defendants must file their responsive

pleadings by May 29, 2018, a date which was based on defendants filing their waiver of

summons notice with the Court dated March 30, 2018.  During these 60 days, Rule

15(a)(1) guarantees that plaintiff has absolute right to file an amended complaint if

defendants have not filed responsive pleadings. *See James V. Hurson Assocs., Inc.*, 229

F.3d at 283. On May 17, 2018, plaintiff filed his amended complaint with the Court.  On

May 19, 2018, defendants received plaintiff's amended complaint by first-class mail, for

which they were required to sign. On May 21, 2018, plaintiff's amended complaint was

entered on the docket. From the time plaintiff first filed his complaint, and from his

waiver of summon request through to the filing of his amended complaint, defendants have not filed responsive pleadings or a motion to dismiss. During this time, plaintiff enjoyed an absolute right to amend his pleadings without requiring written consent from defendants or without seeking leave of this Court under Rule 15(a)(1).

II.     Plaintiff Is Entitled To Amend His Complaint Because There Has Not Been Undue Delay.

Plaintiff has not been unduly delayed in filing his amended complaint and in bringing this motion *nunc pro tunc* to accept his amend complaint as proper. The United States Court of Appeals for the District of Columbia has held that "[w]here an amendment would do no more than clarify legal theories or make technical corrections . . . delay, without a showing of prejudice, is not sufficient ground for denying the motion." *Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999); *see also Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996) (holding that in order to determine the severity of the delay, the court considers any resulting prejudice the delay may cause); *Estate of Gaither v. District of Columbia*, 272 F.R.D. 248, 252 (D.D.C. 2011) ("[T]he mere passage of time does not preclude amendment—the delay must result in some prejudice to the judicial system or the opposing party."). Moreover, plaintiff's amendments do not "radically alter the scope and nature of the case." *Parker*, 249 F.Supp.3d at 512 ("[w]ith respect to an amendment causing undue delay, '[c]ourt generally consider the relation of the proposed amended complaint to the original complaint, favoring proposed complaints that do not 'radically alter the scope and nature of the case.'"). Plaintiff's proposed amendments would merely add counts or claims of Title IX, thus making explicit statutory claims the factual bases of which had already

existed in the original Complaint, which not only addresses the undue delay element but also redresses defendants' potential claim of prejudice.

Even though Defendants could claim that there was undue delay in plaintiff's attempt to amend his complaint, any alleged delay has been slight, particularly because this case is still in the early stage of litigation. Thus, no risk exists of unduly increasing discovery or delaying trial. *N. Am. Catholic Educ. Programming Found., Inc. v. Womble, Carlyle, Sandridge & Rice*, PLLC, 887 F.Supp.x2d 78, 83 (D.D.C. 2012); *Heller v. District of Columbia*, No. 08-1289, 2013 U.S. Dist. LEXIS 38833, at *8 (D.D.C. Mar. 20, 2013) ("A case's position along the litigation path proves particularly important in that [hardship] inquiry:  the further the case has progressed, the more likely the opposing party is to have relied on the unamended pleadings."); *Harrison*, 174 F.3d at 253.  In fact, courts have granted leave to amend even after plaintiffs have "five previous attempts to state [a] cognizable claim . . .  because [the] Federal Rules suggest [that the] 'artless drafting of a complaint should not allow for the artful dodging of a claim." *Driscoll v. George Washington Univ.*, No. 12-0690, 2012 U.S. Dist. LEXIS 12870, at *7 (D.D.C. Sept. 10, 2012) (alteration in original) (quoting *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 72 F.R.D. 556, 561 (S.D.N.Y. 1976)).  There is thus no undue delay, and plaintiff should be allowed to file his motion *nunc pro tunc* for the proper filing of his amended complaint.

III.     Plaintiff Is Entitled To Amend His Complaint Because Defendants Will Not Be Prejudiced.

Defendants will not be prejudiced by plaintiff's amended complaint. The "'liberal concepts of notice pleadings' is to make the defendant aware of the *facts*." *Harrison*, 174 F.3d at 253 (emphasis added) (quoting *Hanson v. Hoffman*, 628 F.2d 42, 53 (D.C. Cir.

1980)).   Accordingly, a plaintiff is not bound by the legal theories originally alleged unless a defendant is prejudiced on the merits.  *Id.*

Plaintiff's addition of the Title IX claims against defendants does not substantially change the wrongful, sex-based discriminatory theory and common law claims on which the case has been proceeding because the amended complaint will continue to allege statutory violations, the factual bases of which were sufficiently alleged in the original complaint and its supporting exhibits.   With that factual notice and substantive foreshadowing, defendants will not be "required to engage in significant new preparation," especially because defendants—beginning on December 17, 2015—framed the students' allegations as sexual harassment under Title IX, and, because, given their required level of training, defendants must have already known in good faith that they had engaged in actions and omissions that violate Title IX regulations and OCR's guidance.   *See Djourabchi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006) ("Where 'the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation the court may deem it prejudicial.") (quoting *Zenit Radio Corp., v. Hazeltine Research Inc.,* 401 U.S. 321 (1971)); *Heller*, 2013 U.S. Dist. LEXIS 38833, at *8.  Neither is the addition of Title IX claims an issue "remote from the other issues in the case" because plaintiff has already brought a claim of statutory violation under Title VII based on the same facts. *Djourabchi*, 240 F.R.D. at 13.  Therefore, defendants will not be "required to engage in significant new preparation" in responding to plaintiff's new claims. *Id.*

This Court has previously allowed a plaintiff to amend the constitutional theories upon which it relied. In *Larker v. Allan*, the plaintiff was granted leave to amend his complaint to drop a discrimination and equal protection claim and to add a due process claim based on the failure of defendants to comply with their own regulations. No. 87-2780, 1991 U.S. Dist. LEXIS 10265, at *1 (D.D.C. July 23, 1991). Similarly, plaintiff in this case seeks to broaden his claims of statutory violations that he suffered from defendants' actions and omissions, the very factual bases of which were amply and sufficiently pled in the original complaint.

IV.    Plaintiff Is Entitled To Amend His Complaint Because His Amendments Would Not Be Futile.

Plaintiff's proposed amendments are not futile. "A district court may deny a motion to amend a complaint as futile if the proposed claims would not survive a motion to dismiss." *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012) (citing *James Madison Ltd. By Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)). In order to survive a motion to dismiss, a complaint must have factual plausibility allowing the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The court must construe the complaint in favor of the plaintiff and grant plaintiff the benefit of all inferences derived from the facts. *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979).

Pursuant to Title IX, "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any education program or activity receiving Federal financial assistance." Title IX of the Education Amendment of 1972, 20 U.S.C.§ 1681(a); *Well v. Hense*, 235 F.Supp.3d 1, 7 (D.D.C. 2017). For purposes of Title IX, sex discrimination encompasses sexual

harassment. *Well*, 235 F.Supp.3d at 7 (citing *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 174 (2005)). The United States Supreme Court has held that "Title IX implies a private right of action to enforce its prohibition of sex discrimination." *Id.* (citing *Cannon v. Univ. of Chic.*, 441 U.S. 677, 708 (1979)). The United States Supreme Court has also held that "private parties can seek monetary damages for intention violations." *Id.* (citing *Franklin v. Gwinnett Cty. Public Sch.*, 503 U.S. 60, 76 (1992)).

On its face, plaintiff's complaint alleges that defendants, lacking institutional jurisdiction under its Policy, and failing to meet its burden of proof by the preponderance of the evidence (*Q&A on Campus Sexual Misconduct*, OCR, DEPT. OF EDUC., Sept. 2017, at 4, https://www2.ed.gov/about/offices/list/ocr/docs/qa-title-ix-201709.pdf ("In every investigation conducted under the school's grievance procedures, the burden is on the school – not on the parties – to gather sufficient evidence to reach a fair, impartial determination as to whether sexual misconduct has occurred."),[3] engaged in sex discrimination within the meaning of Title IX and its Policy when, without any objective basis for finding that plaintiff's in-class quiz and pedagogical queries satisfied the factual and/or legal predicates of sexual harassment, and without having draw reasonable inferences from highly subjective allegations, defendants found that plaintiff, an accused male, was responsible for violating its Policy, despite issuing Findings that lacked OCR's required findings of material facts and conclusions.[4] *Id.*, at 5 (citing *Doe v. Brandeis*, 177

---

[3] *See OCR Guidance*, U.S. DEPT. OF EDUC., § (V)(A)(1)-(2), at 5-9 (2001); *see also* 34 C.F.R. § 668.46(k)(2)(ii).

[4] Specifically, OCR stated, "The investigator(s), or separate decision-maker(s), with or without a hearing, must make findings of fact and conclusions as to whether the facts support a finding of responsibility for violation of the school's sexual misconduct policy. If the complaint presented more than a single allegation of misconduct, a decision should be reached separately as to each allegation of misconduct. The findings of fact and conclusions should be reached by applying either a preponderance of the evidence standard or a clear and convincing evidence standard." *Q&A on Campus Sexual Misconduct*, OCR GUIDANCE, U.S. DEPT. OF EDUC., 5 (Sept. 2017), https://www2.ed.gov/about/offices/list/ocr/docs/qa-

F.Supp.3d 561 (D. Mass. 2016) (the court held that a private university had denied an accused male student "basic fairness" by relying on a lower evidentiary standard only in cases of alleged sexual misconduct); 34 C.F.R. § 668.46(k)(1)(ii))).[7] Such allegations in plaintiff's original complaint gave defendants' actual notice and more than adequate constructive notice that plaintiff either could amend his original complaint once as a matter of course under Rule 15(a)(1) before defendants filed their responsive pleadings, or could seek leave of the court (assuming that defendants objected) to amend his complaint before or after defendants had filed their answers. *See Parker*, 249 F.Supp.3d at 510-511 ("a party may amend its pleadings once as a matter of course within twenty-one days after service or within twenty-one days after service of responsive pleadings.") (citing F.R.C.P. Rule 15(a)(1)).[8] Moreover, given the sufficiency of the facts as pled in plaintiff's original complaint that would support counts under Title IX and would thus survive a motion to dismiss, plaintiff's amended complaint did not raise pleadings and claims that are futile.

On May 18, 2018, 11 days before defendants would have been required to file their answer to Plaintiff's original complaint or file a motion for an extension of time to

---

title-ix-201709.pdf

[7] As plaintiff alleged in his complaint and amended complaint, defendants are bound by the implied covenant of good faith and fair dealings under the *1993 Faculty Handbook*, which has enforceable terms in the District of Columbia. Under the implied covenant, defendants cannot take action that involves the faculty member's status, or terms and conditions of his employment, violates his contractual entitlement of academic freedom, is arbitrary and capricious, or violates established rules and procedures without giving rise to a bona fide grievance. *See* HU FACULTY HANDBOOK, § 2.8.2, at 2-61 (1993). Yet, under defendants' Policy, the investigator deliberately relied upon a far lower and highly subjective evidentiary standards, *viz.*, the subjective experience of the complaining female students, which as the *Brandeis* Court found makes "cases of sexual misconduct [like harassment] easier to prove—and thus more difficult to defend, both for guilty and innocent [employees] alike." *Doe v. Brandeis Univ.*, 177 F.Supp.3d 561, 607 (D. Mass. 2016). Given OCR's 2017 Guidance, which rests on the extant and significant OCR Guidance 2001, the *1993 Faculty Handbook*, and the *Brandeis* ruling, plaintiff has alleged additional pleadings and counts that are not futile, and that would survive defendants' motion to dismiss.

[8] By analogy, especially by reading Rule 4(d)(4) through Rule 15(a)(1), then under the *Parker* Court's premise, plaintiff could even amended his complaint once as a matter of course without leave of court or defendants' permission within sixty-days after defendants have filed their responsive pleadings.

file, plaintiff had sent by first-class mail with signature requested the amended complaint to defendants that were scheduled to arrive on May 19, 2018. At present, and based on the entire record, defendants are factually aware that plaintiff had pled with legal sufficiency actionable claims under Title IX, even though he had not set forth such claims in the original complaint. And at present, plaintiff has set forth sufficient factual bases to allege that defendants have engaged in actionable violations of Title IX regulations and OCR guidance. The amendments plaintiff seeks to have made to his original complaint are thus not futile and should be permitted.

Accordingly, plaintiff submits that he has shown good cause why his amended complaint should be accepted by this Court as a matter of course under Rule 15(a)(1) when read together with Rule 4(d)(4) or should be treated by this Court as a motion *nunc pro tunc* as if this Court had already granted him proper leave to amend his original complaint under Rule 15(a)(2).

## CONCLUSION

For the foregoing reasons, plaintiff requests that this Court's show cause order be discharged, and that this Court recognize plaintiff's absolute right under Rule 15(a)(1) when read together with Rule 4(d)(4) to file properly his amended complaint, or this Court grant plaintiff's motion *nunc pro tunc* to file his amended complaint under Rule 15(a)(2).

Reginald Leamon Robinson,
Plaintiff Pro Se
1904 Autumn Ridge Circle,
Silver Spring, MD  20906
(240) 876-7439
heru.hermes@gmail.com

By: _____
Reginald Leamon Robinson
Plaintiff Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGINALD LEAMON ROBINSON,       :

                :

      Plaintiff Pro Se         :

                :

v.                        : Case No. 1:18-cv-00518-TMN

                :

TRUSTEES OF HOWARD UNIVERSITY, INC., :
et al.                          :

                :

      Defendants         :

_____:

ORDER

UPON CONSIDERATION OF the plaintiff's response to the Court's show cause order dated May 21, 2018, the plaintiff's motion for an order *nunc pro tunc* to file his amended complaint, and the entire record in this case, it is this _____ day of _____, 2018,

ORDERED, that the Court's show cause order is discharged, and it is

FURTHER ORDERED, that the plaintiff's motion for an order *nunc pro tunc* for permitted his filed amended complaint is granted.

 

 

_____

UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff Pro Se's Response
to the Show Cause Order and Motion *Nunc Pro Tunc* to File an Amended Complaint was
served by first-class mail, postage prepaid, on the ___29___ day of _MAy_ , 2018,
upon:

      Timothy F. McCormack, Partner
      Ballard Spahr, LLP
      300 East Lombard Street
      18ᵃ Floor
      Baltimore, MD  21202-3268

      Michelle McGeogh
      Ballard Spahr, LLP
      300 East Lombard Street
      18ᵃ Floor
      Baltimore, MD  21202-3268

      Maraya Pratt
      Ballard Spahr, LLP
      300 East Lombard Street
      18ᵃ Floor
      Baltimore, MD  21202-3268

      Reginald Leamon Robinson
      Plaintiff Pro Se
      1904 Autumn Ridge Circle
      Silver Spring, MD  20906-5826
      240-876-7439
      heru.hermes@gmail.com