IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINALD LEAMON ROBINSON | *<br>*<br>* |
| Plaintiff, | * |
| v. | * |
| HOWARD UNIVERSITY, INC., et al. | * Civil Action No. 18-00518-TNM<br>* |
| Defendants. | *<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION NUNC PRO TUNC TO ACCEPT LATE FILING**

Although Plaintiff Reginald Robinson ("Robinson") admits that he is "a lawyer and a law professor" and describes himself as "an adept legal academic" who "knows the legal system," he seeks to be permitted to ignore the applicable rules of procedure. Opposition pgs. 12-13. Two months before the latest late filing, this Court admonished Robinson that "any further untimely filings, even by a day, may result in the Court striking the filing." Minute Order July 3, 2018. Robinson claims that he filed his Opposition to Defendants' Motion to Dismiss or for Summary Judgment late in reliance on Rule 56 of Federal Rules of Civil Procedure. Robinson's explanation smacks of gamesmanship.

Robinson's explanation is nonsensical. Rule 56 does not contain a 21-day period to respond to a motion for summary judgment. Robinson offers no explanation whatsoever, for his failure to consult the applicable rule, Local Rule 7(b). Rather than reflect "excusable neglect" or a mistake, Robinson's most recent motion reflects defiance of this Court's

admonition to comply with the rules and an attempt to use a late filing as an opportunity to file a sur-reply in a last-ditch effort to oppose Defendants' motion.

This is not, after all, the first time Robinson has disregarded the rules of procedure. Robinson accused Defendants of not timely responding to his complaint that he mailed to rather than served on, Defendants. He failed to completely respond to Defendants' statement of undisputed material facts in accordance with Local Rule 7(h). He regularly holds papers for two or three days after he files them with the court to deprive Defendants of a fair opportunity to respond.

Because he is "a lawyer and a law professor" Robinson is not entitled to the leeway sometimes granted to pro se litigants. *Richard v. Duke University*, 480 F.Supp.2d 222 (D.D.C. 2007) (holding that "because plaintiff is an attorney, and a knowledgeable one at that, this Court will not give her all the benefits of the liberal standards that are afforded to pro se litigants and plaintiff's pro se status will not weight in favor of denying the defendants' motions to dismiss"); *see also Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("Although the Court recognizes that pro se litigants are generally entitled to the benefit of less stringent standards than those applied to attorneys, in fact, [Plaintiff] is a disbarred attorney, who is presumed to have a knowledge of the legal system and needs less protections from the court.") (internal citations omitted); *Klayman v. Zuckerberg*, 910 F. Supp. 2d 314, 317 (D.D.C. 2012) ("Although courts ordinarily afford special consideration to pro se pleadings in the motion to dismiss context, the plaintiff here is an attorney, and is thus presumed to have a knowledge of the legal system and need less protections from the Court.") (internal citations omitted); *Lee v. Gober*, 14 Vet. App. 204, 209 (U.S. 2000) (noting that "by representing himself, the appellant proceeded at his own peril and was not exempt from either the Court's Rules").

In any event, even if Robinson were afforded the leeway a lay party might receive, missing a court deadline is not considered "excusable neglect." In *Colon v. Downs*, the Court denied Plaintiff's motion for extension of time to file her notice of appeal one day late explaining:

> Although pro se filings are generally construed liberally and "[b]enefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines."

No. 07-cv-060-TWP-DML, 2011 U.S. Dist. LEXIS 123948, at *4 (S.D. Ind. Oct. 25, 2011) citing *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996); see *3SM Realty & Dev., Inc. v. FDIC*, 393 F. App'x 381, 382 (7th Cir. 2010) ("A party's status as a pro se litigant does not excuse his failure to meet the mandatory deadline for filing a Fed. R. Civ. P. 59(e) motion. Although pro se litigants benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant, pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines."). In *In re Settlement Facility Dow Corning Tr.*, No. 08-12019, 2009 U.S. Dist. LEXIS 110133, at *1 (E.D. Mich. Nov. 24, 2009), the court held "[a]n attorney or pro se litigants failure to timely meet a deadline because of inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." Simply put, Robinson's failure to accurately review the Federal Rules of Civil Procedure and Local Rules is not "excusable neglect," especially since he is "an adept legal academic," lawyer and law professor.

Finally, but perhaps most importantly, the Court should strike Robinson's instant motion to accept his late filing to the extent Robinson uses his motion as an opportunity to further oppose Defendants' Motion to Dismiss or for Summary Judgment. Robinson spends approximately two-and-one-half pages arguing why Defendants' Motion to Dismiss or for

Summary Judgment should be denied. Robinson responds to arguments asserted in Defendants' Reply Memorandum in Support of their Motion to Dismiss or for Summary Judgment with new arguments, as if he is permitted to further respond to Defendants' Motion to Dismiss or for Summary Judgment.

For example, in footnote 5 of Robinson's instant motion, Robinson falsely asserts that "[i]n their reply . . .defendants argue that they do not have to use the federal government and/or court's definition of sexual harassment." Motion to Accept Late Filing, pg. 3, fn. 5. Robinson again misleads this Court. In actuality, Defendants asserted in their Reply Memorandum that Robinson erroneously assumes the University can only be reprimand Robinson for violations of what Robinson describes as the law, while establishing the flexibility of the University's definition of sexual harassment in its Title IX policy. Reply Memorandum, ECF No. 24 at 10-11  In short, Defendants established in their Reply Memorandum that Robinson's belief that he can only be reprimanded if he makes unwelcomed sexual advances *and* requests for sexual favors was mistaken. Robinson's assertion in the instant motion that "Howard wishes to make up its own arbitrary definition of sexual harassment" is simply false. Motion to Accept Late Filing, pg. 3, fn. 5.

In conclusion, there is no reason this Court should accept Robinson's late filing or consider the instant motion. For the foregoing reasons, Robinson's Motion Nunc Pro Tunc to Accept Late Filing of Plaintiff's Opposition Memorandum and Rule 56(d) Motion should be denied.

Date: September 20, 2018					/s/
							Timothy F. McCormack
							  D.C. Bar No. 385025
							Michelle M. McGeogh
							  D.C. Bar No. 994451

							BALLARD SPAHR LLP
							300 East Lombard Street, 18th Floor
							Baltimore, Maryland 21202
							Tel: (410) 528-5600
							Fax: (410) 528-5650
							E-mail: mccormackt@ballardspahr.com

							*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 20th day of September, 2018, the foregoing was served via first-class postage prepaid mail to:

>Reginald Leamon Robinson
>1904 Autumn Ridge Circle
>Silver Spring, MD 20906

/s/
Timothy F. McCormack