RECEIVED

SEP 17 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGINALD LEAMON ROBINSON,          :

    Plaintiff Pro Se          :

                              :

v.                                 :   Case No. 1:18-cv-00518TMN

                              :

HOWARD UNIVERSITY, INC., et al.,   :   **JURY DEMANDED**

                              :

    Defendants                 :

---

## <u>NOTICE TO COURT OF DEFENDANTS' LEGAL COUNSEL'S THREAT OF SANCTIONS TO FORCE PLAINTIFF'S PRO SE TO WITHDRAW HIS RULE 6(b)(1)(B) NUNC PRO TUNC MOTION</u>

On September 14, 2018, Mr. Timothy F. McCormack, with notice to Ms. Michelle McGeogh and Ms. Maraya Pratt, threatened plaintiff pro se not with sanctions if he failed to amended, edit, or strike his footnote 3 in his Rule 6(b)(1)(B) nunc pro tunc motion, but with sanctions if he did not withdraw his entire aforementioned motion.

Plaintiff pro se is completely unfamiliar with this tactic, and to seek help he talked to the DC Bar's senior ethics counsel. Despite identifying that he had a pro se matter before the United States District Court of the District of Columbia, and although he did not identify his name or the judge presiding over this matter, plaintiff pro se now files this notice with this Court evidencing that defendants' legal counsel generally or Mr. McCormack specifically has threatened him.

### <u>BACKGROUND</u>

On February 24, 2018, plaintiff pro se filed his Original Complaint. On March 7, 2018, plaintiff pro se served Rule 4(d) waivers of summons on defendants, which was



RECEIVED
Mail Room

SEP 1 0 2018

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

delivered by first-class certified mail on March 8, 2018. On March 27, 2018, plaintiff pro se talked to Mr. Timothy F. McCormack and Ms. Michelle McGeogh of Ballard Spahr, LLP, of Baltimore. During that telephone conversation, and solely for the purposes of the conversation, Mr. Idris Diaz represented plaintiff. See Emails of March 27, 2018, March 31, 2018, and April 2, 2018, attached hereto as Exhibit 1.

During the March 27, 2018, Mr. McCormack and Ms. McGeogh told plaintiff that Ballard Spahr, LLP, represented all four defendants. Among other things, Mr. McCormack requested, and plaintiff agreed, that once their clients were served, they could have 60 days from the date of service. What is disputed is whether they (or Ballard Spahr, LLP) had agreed during that conversation to accept summons of service on behalf of their clients. During this conversation, none of the parties ever discussed a Rule 4(d) waiver of summons. Plaintiff never mentioned, and the aforementioned agreement was not pursuant to a Rule 4(d) waiver request because plaintiff pro se never revealed that he had served such a waiver request on the defendants.

On March 30, 2018, Hearing nothing from defendants on the waiver request, plaintiff pro se asked a disinterested adult male who was over the age of 18 to act as process server. Plaintiff pro se, along with his son and the adult male process server, drove to Ballard Spahr, LLP, and plaintiff pro se instructed the adult male to leave the 4 complaints and 4 summons with the receptionist, once he told plaintiff that Mr. McCormack was not present at the law firm. He did so, and he left the building.

It was unclear to plaintiff whether he had perfected service of summons upon the four defendants by placing the 4 summonses and complaints in the hands of an adult employee at Ballard Spahr, LLP.

## ACCEPTANCE OF WAIVER OF SERVICE

On April 2, 2018, assuming that plaintiff had failed to perfect service of summonses on the defendants, Mr. McCormack filed a Waiver of the Service of Summonses with this Court. ECF. No. 4. That waiver was accompanied by a Entry of Appearance. ECF No. 5. In the Waiver, Mr. McCormack states, "We have received your request to waive service of a summons in this action along with a copy of the complaint." In this Waiver, after noting that defendants retained their rights to defenses or objections, Mr. McCormack also stated, "We also understand that the Defendants must file and serve an answer or a motion under Rule 12 within 60 days from March 30, 2018." *See* ECF No. 4.

Given that Mr. McCormack stated that defendants had received plaintiff pro se's request for waiver of service, and given that plaintiff never told defendants' legal counsel that he had sent such request, it would follow that Mr. McCormack at the very least must have actually read the waiver request that plaintiff pro se had sent. That waiver request was dated March 7, 2018. And according to the receipts from USPS, such waiver requests were received at Howard University on March 8, 2018.

### RULE 12(a)(1)(A)(ii)

According to Rule 12(a)(1)(A)(ii) provides in relevant part:

**(a)     Time to Serve a Responsive Pleading.**

**(b)     In General.  Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:**

**(A)     A defendant must serve an answer: . . .**

3

> **(ii)    if it has timely waived service under Rule 4(d), within 60 days after
> the request for a waiver was sent, . . .**

Fed. R. Civ. Pro. Rule 12(a)(1)(A)(ii).

On April 2, 2018, Defendants had timely accepted plaintiff pro se's waiver request. The date of the waiver request was not March 30, 2018, but March 7, 2018. Based on the latter date, defendants had to file their answer to the Original Complaint by May 5, 2018.

## DEFENDANTS' RESPONSE TO PLAINTIFF PRO SE'S RESPONSE TO THE SHOW CAUSE ORDER

On June 06, 2018, defendants filed a response to plaintiff pro se's response to the show cause order. ECF No. 10. On page 3, defendants stated as follows:

> Here, Robinson filed his original complaint on February 26, 2018. ECF
> No. 1. On April 2, 2018, Defendants the Trustees of Howard University,
> Anthony K. Wutoh, Vanessa Love, and Candi Smiley ("Defendants") filed
> a Waiver of Service, such that the response to the Complaint was due May
> 29, 2018, 60 days following the filing of the Waiver of Service. ECF No.
> 4.

ECF No. 10, at 3 of 14, ¶ 1, filed June 06, 2018.

Two errors exist in the aforementioned quote from defendants' response to plaintiff pro se's response to the show cause order. Based on the due date, defendants have implicitly stated that plaintiff pro se's waiver request date was March 30, 2108. Second, defendants misstate Rule 12(a)(1)(A)(ii), which provides that the responsive answer to the complaint after accepting a Rule 4(d) waiver is due 60 days from the date that the waiver was sent by plaintiff. Based on defendants' misstatement, they should have had 60 days from April 2, 2018.

## PLAINTIFF'S FOOTNOTE 3 IN THE RULE 6(b)(1)(B) NUNC PRO TUNC MOTION

In his Rule 6(b)(1)(B) motion, plaintiff stated: "Under Fed. R. Civ. Pro. 6(b), plaintiff in good faith and by excusable neglect missed the deadline by four (4) days." Plaintiff's Rule 6(b)(1)(B) Motion, at 2. In anticipation of defendants' argument in response to plaintiff pro se's motion (they had already opposed his motion), plaintiff pro se sought to point out that while defendants have continued to accuse plaintiff of shenanigans, he had in fact not engaged in any such conduct and most importantly, he had not misled this Court. He placed this argument in footnote 3, at 2. In it, he states:

> In defendants' reply memorandum to plaintiff's opposition memorandum, defendants have continued their assault on his person by accusing him of shenanigans (in one phone call, they hinted that he was a fool for representing himself; now they've recast him as a wily, brilliant litigator of the federal rules and procedures landscapes). Yet, it has been defendants who have sought every conceivable safe harbor in the federal and local rules to avoid answering the Original and First Amended Complaints, including initially attempting to play defendant keep-away so that plaintiff could not properly serve defendants. Defendants' legal counsel did so, even though plaintiff had already served them by Rule 4(d) waiver requests on March 7, 2018.

> On March 7, 2018, plaintiff served defendants with a Rule 4(d) waiver request by first-class certified mail. Once they received this request, defendants had 60 days from March 7, 2018 to answer plaintiff's Original Complaint. Based on Rule 4(d), defendants had to answer plaintiff's complaint by May 5, 2018. However, after not receiving a response from defendants, plaintiff asked a disinterested adult male to serve defendants' legal counsel at Ballard Spahr, LLP, in Baltimore on March 30, 2018. Such personal service meant that they would only have 21 days to file an answer. At that point, defendants' legal counsel made an ECF filing, notifying the Court that they were accepting Rule 4(d) waiver request as of March 30, 2018. Defendants' legal counsel *deliberately misled* this Court, and in subsequent ECF filings, defendants' legal counsel *deliberately used* the March 30, 2018 date, one consequences of which was that rather than having to file an answer by May 5, 2018, defendants now had until May 29, 2018. On June 28, 2018, plaintiff brought defendants' chicane to light in his motion to correct the record, which this Court mooted on other grounds. Plaintiff has always been honest with the Court. Thus, what defendants' call plaintiff's shenanigans were not wily gambits but simply his ignorance, inexperience, and general lived circumstances. (italic added)

> Moreover, whenever defendants or this Court has pointed out plaintiff's errors or oversights, he as in this instance moves quickly to fix them so that he could continue to prosecute his claims against defendants.

Apart from the rhetoric, plaintiff in this footnote had stated facts. Plaintiff had filed his waiver of service request with defendants on March 7, 2018. After plaintiff attempted to serve summonses of service and copies of the original complaint on defendants' agents at Ballard Spahr, LLP, in Baltimore on March 30, 2018, defendants filed an acceptance of waiver of summonses on April 2, 2018. However, in their acceptance, defendants used not March 7, 2018 but March 30, 2018 as the date on which the waivers were sent by plaintiff. And even if defendants' legal counsels could argue that they and plaintiff had reached an agreement on March 27, 2018 that once their clients were properly served with summonses then they would have not 21 days but 60 days to file an answer, defendants' acceptance of plaintiff's waiver request did not cite to that agreement and they did not memorialize it in their filing with this Court on April 2, 2018. Moreover, in their email to plaintiff of March 27, 2018, defendants' legal counsel did not cite to or memorialize any discussion of a Rule 4(d) waiver as the basis of any agreement.

Given what defendants' legal counsel must know, and given the degree to which they have attempt to enforce strict procedural rules and deadlines against plaintiff's good faith errors and excusable neglect, plaintiff drew the conclusion that defendants' legal counsel deliberately used March 30, 2018 and that defendant's legal counsel deliberately misled the Court.

## LEGAL COUNSEL'S THREATEN PLAINTIFF TO WITHDRAW RULE 6(B)(1)(B) MOTION

Defendants' legal counsel differ with plaintiff pro se's conclusion. They could have differed by stating that they had too engage in excusable neglect or good faith error. To bolster that claim, they could have stated, argued, and/or shown how they could have made such an error. Having done so, they could have asked plaintiff to either modify or

edit and/or amended footnote 3 to more accurately state that legal counsel's error, neglect, or oversight was in fact a good faith mistake. Having stated, argued, and/or shown objectively that they had attempted to act in good faith, plaintiff would have filed such a notice of amendment to footnote 3 with this Court.

However, defendants' legal counsel did not seek such a surgical solution to language with which they disagreed. Rather, they stated: "Your false allegation of our having misled the court is unacceptable. Before we respond to your allegation and seeking appropriate relief, including, potentially, the imposition of sanctions, we wish to give you an opportunity to withdraw your Motion Nunc Pro Tunc to Accept Late Filing. We will, therefore, allow you until 5:00 p.m. EDST on Monday, September 17, 2018, to withdraw the motion and provide us with proof of withdrawal. If you do not act by that day and time, we reserve the right to seek appropriate relief from the court." *See* Email dated September 14, 2018, attached hereto as exhibit 2.

RELIEF

Plaintiff pro se has given notice of this threat to this Court because he has no understanding of how to respond, except to file a complaint with the DC Bar's Ethic Counsel. To be sure, plaintiff is not specifically seeking a remedy from this Court. However, plaintiff would like defendants' legal counsel not to threaten him with sanctions so that they might have some strategic gain in the matter before this Court. *See* Rules 3.1 and 8.4(g), attached hereto as exhibit 3.

Having stated the foregoing, plaintiff pro se will accept any relief as appropriately determined by this Court in its sound judgment.

**CONCLUSION**

For the foregoing reasons, plaintiff has filed this Notice with this Court and request any appropriate relief as determined by this Court in its sound judgment.

Reginald Leamon Robinson,
Plaintiff Pro Se
1904 Autumn Ridge Circle,
Silver Spring, MD 20906
(240) 876-7439
heru.hermes@gmail.com

By: _____
Reginald Leamon Robinson
Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice by Plaintiff Pro Se's

to this Court was served by first-class mail, postage prepaid, on the 17 day of September,

2018, upon:

> Timothy F. McCormack, Partner
> Ballard Spahr, LLP
> 300 East Lombard Street
> 18th Floor
> Baltimore, MD  21202-3268

> Michelle McGeogh
> Ballard Spahr, LLP
> 300 East Lombard Street
> 18th Floor
> Baltimore, MD  21202-3268

> Maraya Pratt
> Ballard Spahr, LLP
> 300 East Lombard Street
> 18th Floor
> Baltimore, MD  21202-3268

> Reginald Leamon Robinson
> Plaintiff Pro Se
> 1904 Autumn Ridge Circle
> Silver Spring, MD  20906-5826
> 240-876-7439
> heru.hermes@gmail.com

# EXHIBIT 1

From: **McCormack, Timothy F.** McCormackT @ ballardspahr com
Subject: RE: Robinson v. Howard University
Date: April 2, 2018 at 3:16 PM
To: Reginald Robinson heru hermes @ gmail com
Cc: **McGeogh, Michelle** mcgeoghm @ ballardspahr com, **Pratt, Maraya** PrattMN @ ballardspahr com

Mr. Robinson-

I am not a "general agent" of anyone.  We did not agree that Ballard Spahr LLP would accept
service, Michelle McGeogh and I agreed to one of us would accept service once the court issued
a summons to each defendant.

It has become apparent that you have no practical experience with litigation whatsoever.  It truly
would behoove you to hire competent counsel in this matter.

Once Ms. McGeogh and I agreed to accept service, the courteous next step would have been to
reach out to us after the court issued the summonses and coordinate the method of service.
Instead, you sent a messenger to our office late in the afternoon on Good Friday.  Your messenger
was told that neither Ms. McGeogh or I were in the office and that he should return on Monday.
Rather than do so, he dropped the papers on our receptionist's desk and ran away.

Although your actions and those of your messenger do not rise to the level of service of process,
we have elected to file the attached waiver of service of process.  We will file an appropriate
response to the complaint within 60 days after last Friday, March 30, 2018.

**Timothy F. McCormack**

**Ballard Spahr** 

300 East Lombard Street, 18th Floor
Baltimore, MD 21202-3268
410.528.5680 DIRECT
410.528.5650 FAX

mccormackt@ballardspahr.com
VCARD

................................ ....
www.ballardspahr.com

**From:** Reginald Robinson [mailto:heru.hermes@gmail.com]
**Sent:** Saturday, March 31, 2018 2:06 PM
**To:** McCormack, Timothy F. (Balt)
**Cc:** Reginald Robinson; idrisdiaz@yahoo.com; McGeogh, Michelle (Balt); Pratt, Maraya (Balt)
**Subject:** Re: Robinson v. Howard University

Dear Mr. McCormack:

I agree that you informed Mr. Idris Diaz and me that Ballard Sphar, LLP, represents the 4
named defendants in the suit that I filed in federal court, and you and your team have been
assigned this matter.

I cannot agree with your wording of the issues related to actual notice of the complaint.

It's my understanding that given that Ballard Sphar, LLP, represents the 4 defendants, you agreed that you (and/or Ballard Spahr, LLP) would accept service of the complaint if I prepared 4 summons of service and new copies of the complaint and served them on you and/or Ballard Spahr, LLP.

As a partner of Ballard Spahr, LLP, you are a general agent for this purpose.

Based on this understanding, I agreed that once you (and/or Ballard Spahr, LLP) accepted service of the summons and the complaints, the 4 defendants would have not 21 days but 60 days either to answer the complaint or to file Rule 12 motions.

Please confirm that my understanding.

Thanks.

Namaste.

Reggie

Reginald Robinson
http://humangodsandsocialrealities.blogspot.com/
http://ssrn.com/author=937283
heru.hermes@gmail.com

CONFIDENTIALITY: This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system. Thank you.

> On Mar 27, 2018, at 3:34 PM, McCormack, Timothy F.
> <McCormackT@ballardspahr.com> wrote:
>
> Counsel-
>
> Confirming our telephone conversation of this afternoon, we have been retained to represent the Trustees of Howard University, Provost Anthony Wutoh, Candi Smiley, Esquire and Vanessa Love in connection with the above-referenced lawsuit.
>
> We agreed today that, once a summons is issued to each defendant, we will accept service of the complaint and summonses.  You have agreed that the defendants will have 60 days after completion of such service to respond to the complaint.
>
> We appreciate your making yourselves available for our call this afternoon.

**Timothy F. McCormack**

**Ballard Spahr** LLP          

300 East Lombard Street, 18th Floor
Baltimore, MD 21202-3268
410.528.5680 DIRECT
410.528.5650 FAX

mccormackt@ballardspahr.com
VCARD

www.ballardspahr.com

Waiver of
Service...rd).pdf

EOA (Robinson
v Howard).pdf

# EXHIBIT 2

From: **McCormack, Timothy F.** McCormackT@ballardspahr.com
Subject: RE: Rule (b)(1)(B) Nunc Pro Tunc Motion -- Robinson v. Howard University et al
Date: September 14, 2018 at 11:47 AM
 To: Reginald Robinson heru.hermes@gmail.com
 Cc: **McGeogh, Michelle** mcgeoghm@ballardspahr.com, **Pratt, Maraya** PrattMN@ballardspahr.com

Mr. Robinson-

In footnote 3 of your most recently filed motion, you assert that "Defendants' legal counsel deliberately misled this Court" as to the date of service and the deadline for Defendants' response to the complaint. That is a serious charge. It is, however, entirely baseless.

On March 27, 2018, you, Michelle McGeogh and I spoke by telephone. As of that date, you had not effected service of the complaint and summons. Ms. McGeogh and I agreed to accept service on behalf of all then-defendants in exchange for your agreement that the defendants would have 60 days from service to respond (as provided in the Federal Rules of Civil Procedure in circumstances where defendants waive service of process). The earliest e-mail in the attached e-mail chain confirms that conversation.

On March 30, 2018, you arranged to have someone leave a copy of the complaint and summons at our office and, pursuant to our agreement of March 27, 2018, the defendants had 60 days to respond. This was obviously not service of process, since neither Ms. McGeogh nor I are parties and the papers were not delivered to our us individually, as we were both out of the office. It was a waiver of service pursuant to our agreement and Rule 4. We never misled the court as to the parties' agreement, the date that the papers were delivered to our office, or the date on which the response was due.

Your false allegation of our having misled the court is unacceptable. Before we respond to your allegation and seek appropriate relief, including, potentially, the imposition of sanctions, we wish to give you an opportunity to withdraw your Motion Nunc Pro Tunc to Accept Late Filing. We will, therefore, allow you until 5:00 p.m. EDST on Monday, September 17, 2018, to withdraw the motion and provide us with proof of withdrawal. If you do not act by that day and time, we reserve the right to seek appropriate relief from the court.

If you have any questions, you may feel free to telephone us.

**Timothy F. McCormack**

**Ballard Spahr**
LLP



300 East Lombard Street, 18th Floor
Baltimore, MD 21202-3268
410.528.5680 DIRECT
410.528.5650 FAX

mccormackt@ballardspahr.com
VCARD

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
www.ballardspahr.com

From: Reginald Robinson <heru.hermes@gmail.com>

**From:** Reginald Robinson <heru.hermes@gmail.com>
**Sent:** Friday, September 14, 2018 2:26 AM
**To:** McCormack, Timothy F. (Balt) <McCormackT@ballardspahr.com>; McGeogh, Michelle (Balt) <mcgeoghm@ballardspahr.com>; Pratt, Maraya (Balt) <PrattMN@ballardspahr.com>
**Cc:** Reginald Robinson <heru.hermes@gmail.com>
**Subject:** Rule (b)(1)(B) Nunc Pro Tunc Motion -- Robinson v. Howard University et al

Dear Mr. McCormack, Ms. McGeogh, & Ms. Pratt:

Please see the attached file, which I filed with the federal district court between 11:53 and 11:58pm on August 13, 2018.

I'll will place a paper copy of the Rule 6(b)(1)(B) and plaintiff's opposition memorandum along with the Rule 56(d) and proposal order in the mail tomorrow, Friday, August 14, 2018.

Namaste.

Reggie

Reginald Leamon Robinson
http://humangodsandsocialrealities.blogspot.com/
http://ssrn.com/author=937283

Mail
Attachment.eml

# EXHIBIT 3

# Rules of Professional Conduct: Rule 8.4--Misconduct

It is professional misconduct for a lawyer to:

(a) Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects;
(c) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;
(d) Engage in conduct that seriously interferes with the administration of justice;
(e) State or imply an ability to influence improperly a government agency or official;
(f) Knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law; or
(g) Seek or threaten to seek criminal charges or disciplinary charges solely to obtain an advantage in a civil matter.

## Comment

[1] Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return. However, some kinds of offenses carry no such implication. Traditionally, the distinction was drawn in terms of offenses involving "moral turpitude." That concept can be construed to include offenses concerning some matters of personal morality, such as adultery and comparable offenses, that have no specific connection to fitness for the practice of law. Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category. A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation.
[2] Paragraph (d)'s prohibition of conduct that "seriously interferes with the administration of justice" includes conduct proscribed by the previous Code of Professional Responsibility under DR 1-102(A)(5) as "prejudicial to the administration of justice." The cases under paragraph (d) include acts by a lawyer such as: failure to cooperate with Disciplinary Counsel; failure to respond to Disciplinary Counsel's inquiries or subpoenas; failure to abide by agreements made with Disciplinary Counsel; failure to appear in court for a scheduled hearing; failure to obey court orders; failure to turn over the assets of a conservatorship to the court or to the successor conservator; failure to keep the Bar advised of respondent's changes of address, after being warned to do so; and tendering a check known to be worthless in settlement of a claim against the lawyer or against the lawyer's client. Paragraph (d) is to be interpreted flexibly and includes any improper behavior of an analogous nature to these examples.
[3] A lawyer violates paragraph (d) by offensive, abusive, or harassing conduct that seriously interferes with the administration of justice. Such conduct may include words or actions that manifest bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation, or socioeconomic status.

Rule Eight Table of Contents

## Rules of Professional Conduct: Rule 3.1--Meritorious Claims and Contentions

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good-faith argument for an extension, modification, or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or for the respondent in a proceeding that could result in involuntary institutionalization, shall, if the client elects to go to trial or to a contested fact-finding hearing, nevertheless so defend the proceeding as to require that the government carry its burden of proof.

### Comment

[1] The advocate has a duty to use legal procedure for the fullest benefit of the client's cause, but also a duty not to abuse legal procedure. The law, both procedural and substantive, establishes the limits within which an advocate may proceed. However, the law is not always clear and never is static. Accordingly, in determining the proper scope of advocacy, account must be taken of the law's ambiguities and potential for change.

[2] The filing of an action or defense or similar action taken for a client is not frivolous merely because the facts have not first been fully substantiated or because the lawyer expects to develop vital evidence only by discovery. Lawyers, however, are required to inform themselves about the facts of their clients' cases and the applicable law and determine that they can make good faith arguments in support of their clients' positions. Such action is not frivolous even though the lawyer believes that the client's position ultimately will not prevail. The action is frivolous if the lawyer is unable either to make a good-faith argument on the merits of the action taken or to support the action taken by a good-faith argument for an extension, modification, or reversal of existing law.

[3] In criminal cases or proceedings in which the respondent can be involuntarily institutionalized, such as juvenile delinquency and civil commitment cases, the lawyer is not only permitted, but is indeed required, to put the government to its proof whenever the client elects to contest adjudication. The lawyer's obligations under this rule are subordinate to federal or state law that entitles a defendant in a criminal matter to the assistance of counsel in presenting a claim or contention that otherwise would be prohibited by this rule.



Rule Three Table of Contents

Go to...