**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| | \* |
| REGINALD LEAMON ROBINSON | |
| | \* |
| Plaintiff, | |
| | \* |
| v. | |
| | \*   Civil Action No. 18-00518-TNM |
| HOWARD UNIVERSITY, INC., et al. | |
| | \* |
| Defendants. | |
| | \* |
| | \* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO DELAY RESPONSE TO DEFENDANTS' MOTION IN THE
ALTERNATIVE FOR SUMMARY JUDGMENT**

Plaintiff Reginald Robinson[1] finds it appropriate to file yet another "Motion to Delay," after his first motion was denied for failure to comply with Federal Rule of Civil Procedure 56(d).[2] *See* September 24, 2018 Order.  Robinson continues to make no attempt to comply with Local Rule 7(h) in opposing the Motion of Defendants Howard University, Inc., Anthony K. Wutoh, Vanessa Love and Candi Smiley (the "Defendants") to Dismiss, or in the Alternative, for Summary Judgment.  As explained in more detail below, Robinson's failure to comply with Rule 7(h) makes it nearly impossible to grant any motion pursuant to Federal Rule

---

[1]   Robinson titled his motion a "*pro se*" motion.  Robinson should not be considered a *pro se* litigant.  Robinson admits that he is "a lawyer and a law professor" and describes himself as "an adept legal academic" who "knows the legal system."  ECF No. 26 at pgs. 12-13. As such, Robinson is not entitled to the leeway sometimes granted to pro se litigants.  *Richard v. Duke University*, 480 F.Supp.2d 222 (D.D.C. 2007); *see also Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010); *Klayman v. Zuckerberg*, 910 F. Supp. 2d 314, 317 (D.D.C. 2012).

[2]   Significantly, Robinson seeks only to delay this Court's consideration of summary judgment. He does not dispute that Defendants' request for dismissal is not ripe for decision.

56(d), as Robinson has failed to identify with particularity even a single fact in dispute. Robinson's Second Motion to Delay also fails to comply with Federal Rule Civil Procedure 56(d) and applicable case law, including *Convertino v. United States DOJ*, 684 F.3d 93 (D.C. Cir. 2012). Finally, Robinson's Second Motion to Delay should be stricken and denied because it is a motion for reconsideration in disguise that does not comply with this Court's Standing Order.

A.      **Robinson's Failure to Comply with Local Rule 7(h)**

Local Rule 7(h) provides that an opposition to a motion for summary judgment "shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." The rule also provides that "the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." Local Rule 7(h); *see also* Standing Order ¶ 14(B), ECF No. 2 (requiring strict compliance with Local Rule 7(h)).

Here, Robinson has not filed a separate statement of facts or issues as to which he asserts there is a genuine issue to be litigated. He has not disputed any of the material facts set forth by Defendants in their motion. It is likely Robinson did not dispute any of the facts established by Defendants because there is no basis for doing so, as the Defendants' statement of facts are largely based on Robinson's own allegations and admissions. Robinson has also failed to support his recitation of facts with citations to admissible evidence. Many of the facts alleged by Robinson both in his Opposition to Defendants' motion and in the Motion to Delay contain no

citation whatsoever.  Without any facts as identified as being in dispute, it is difficult to fathom how Robinson could now assert that he requires discovery to oppose Defendants' motion.

**B.**     **Because There Are No Facts in Dispute, No Discovery is Necessary**

In order for there to be a need for discovery, which would preclude summary judgment, there must be some dispute of fact between the parties.  *See Rattigan v. Holder*, 982 F. Supp. 2d 69, 76 (D.D.C. 2013) ("If a party is seeking a continuance, that party must state concretely why additional discovery is needed to oppose a motion for summary judgment.").  A party opposing a summary judgment motion on the basis that discovery is needed bears the burden of identifying the facts that would create a triable issue. *Swann v. Office of the Architect of the Capitol*, 73 F. Supp. 3d 20, 27-28 (D.D.C. 2014) (citing *Dunning v. Quander*, 468 F. Supp. 2d 23, 28 n.5 (D.D.C. 2006), aff'd, 508 F.3d 8 (D.C. Cir. 2007) (denying a Rule 56(d) motion because the requested information was immaterial)). If the requested discovery is "not directed towards evidence that would create a genuine question of material fact, the Court may grant summary judgment despite the discovery request." *Swann*, 73 F. Supp. 3d at 28 (*citing U.S. ex rel. Folliard v. Gov't Acquisitions, Inc.*, 764 F.3d 19 (D.C. Cir. 2014)).  Without any facts in dispute, Robinson's Second Motion to Delay cannot be granted.

**C.**     **Robinson's Second Motion to Delay Does Not Meet the Requirements of Rule 56(d) Motions**

Federal Rule 56(d) provides:

(d) **When Facts Are Unavailable to the Nonmovant**.   If a nonmovant shows ***by affidavit or declaration that, for specified reasons,*** it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d) (emphasis added).  "To obtain relief under Rule 56(d) and thereby forestall summary judgment, 'the movant must submit an affidavit which 'states with sufficient particularity why additional discovery is necessary.'" *Jeffries v. Lynch*, 217 F. Supp. 3d 214, 227 (D.D.C. 2016) (citing *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012)). The D.C. Circuit has identified three requirements for a motion made pursuant to Rule 56(d): (1) the affidavit must outline particular facts the movant intends to discover and describe **why** those facts are necessary to the litigation; (2) the affidavit must explain why the movant could not produce the facts in opposition to the motion for summary judgment; and (3) the affidavit must show the facts are discoverable. *Convertino,* 684 F.3d at 99-100.  Boilerplate or vague assertions are not sufficient.  *Jeffries*, 217 F. Supp. 3d at 227 (citing *U.S. ex rel Folliard v. Gov't Acquisitions, Inc.*, 764 F.3d 19. 26-27 (D.C. Cir. 2014)).  Case law directs trial courts to "scrutinize Rule 56(d) motions and not to reflexively grant them." *SEIU Nat'l Indus. Pension Fund v. Castle Hill Health Care Providers, LLC*, 312 F.R.D. 678, 685 (D.D.C. 2015) (citing *U.S. ex rel. Folliard v. Gov't Acquisitions, Inc.*, 764 F.3d 19 (D.C. Cir. 2014)).

A Rule 56(d) motion for additional discovery "is not designed to allow 'fishing expeditions,' and plaintiffs must specifically explain what their proposed discovery would likely reveal and why that revelation would advance the plaintiffs' case." *Graham v. Mukasey*, 608 F. Supp. 2d 50, 54 (D.D.C. 2009); *see also Hotel & Rest. Employees Union, Local 25 v. Att'y Gen.*, 804 F.2d 1256, 1269 (D.C. Cir. 1986), vacated on other grounds, 808 F.2d 847 (D.C. Cir. 1987) ("The procedure [under Rule 56(f)] is designed to prevent fishing expeditions by narrowing the scope of discovery."); *see also Cotton v. Wash. Metro. Area Transit Auth.*, 2004 U.S. Dist. LEXIS 3829 (D.D.C. March 3, 2004) (denying plaintiff's motion because plaintiff had failed to establish a nexus between the discovery sought and a development of facts essential to justify the

opposition; any order allowing discovery would "amount to little more than a fishing expedition."); *see also Harrison v. Office of the Architect of the Capitol*, 281 F.R.D. 49, 52 (D.D.C. 2012) ("a party seeking relief under Rule 56(d) may not rely on speculation that discovery will produce material evidence…rather, she must adduce support for the proposition that discovery would have produced the evidence she anticipated) (internal citations omitted); *see also Morales v. Humphrey*, 309 F.R.D. 44, 48 (D.D.C. 2015) ("Rule 56(d), moreover, may not be used to defeat a motion for summary judgment when there is 'mere speculation' of evidence not yet discovered.").

In his Second Motion to Delay, Robinson asserts that he "cannot adduce facts" consistent with his claim that he suffered an adverse action and that he needs discovery so he can possibly "adduce facts on the Title VII and Title IX allegations." Second Motion to Delay, pgs. 13-14. Robinson has not made and cannot make the showing required by Rule 56(d). With regard to his common law claims, Robinson asserts that discovery "may contain facts that he could adduce in opposition to Defendants' motion for summary judgment." *Id.* at 14. In short, Robinson concedes that he cannot dispute any facts established by Defendants, but he would like to embark on a fishing expedition to look for facts that might be useful to him. This is precisely the maneuvering that Rule 56(d) and case law interpreting the rule were designed to prevent.

Robinson also consistently fails to establish why the facts he seeks to discover are necessary to oppose Defendants' Motion. For example, Robinson asserts that he requires discovery concerning a lawsuit filed by "Jane Doe 5" (not a party to this action) against Howard University, and information about confidential settlement negotiations pertaining to Jane Doe 5's lawsuit. Affidavit in Support of Second Motion to Delay at ¶ 30. Assuming such negotiations have taken place, not only is this information not relevant and likely subject to confidentiality

agreement, there is absolutely no reason Robinson would require information about confidential settlement negotiations in another lawsuit to oppose Defendants' Motion.  Robinson does not event attempt to explain why he would require this information to oppose Defendants' Motion. Robinson similarly asserts he requires discovery as to all "complaints of sexual harassment and/or gender discrimination against" all University employees and students, since Defendants Smiley and Love were first employed by the University.  *Id.* at ¶ 22.  There is no justification for such an overbroad, tangentially related request.  Moreover, Robinson again does not attempt to justify why he requires such discovery.

Also troubling and demonstrative of Robinson's failure to comply with Rule 56(d) is Robinson's claim that he requires discovery "regarding the names and locations of the two female complainants" whose complaints launched the investigation that is at issue here.  *Id.* at ¶ 14.  Robinson does not state why he needs this information, and this information is not relevant to his claims.

In short, although Robinson created a lengthy list of information and documents he would like to review in order to invent a claim against Defendants, he has not shown why those documents are necessary to this litigation.  He has not met the requirements of *Convertino*. Robinson should not be permitted to embark on a fishing expedition.  Robinson's Second Motion to Delay should be denied once again as it does not meet the requirements of *Convertino*.

### D.    Robison's Motion is a Disguised Motion for Reconsideration

Robinson's Second Motion to Delay is essentially a motion for reconsideration. As such, it does not comply with Paragraph 15 of the Standing Order.  Paragraph 15 of the Standing Order provides that "[m]otions for reconsideration of prior rulings are strongly discouraged" and shall be filed only "when the requirements of Federal Rules of Civil Procedure 54(b), 59(e) and/or 60(b) are met."  The Court is also clear that a motion for reconsideration will

not be entertained to the extent it raises "arguments which should have been previously raised, but are being raised for the first time." *See Nat'l Trust v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C. 1995).   Because Robinson does not comply with the Court's Standing Order, his disguised motion for reconsideration should be stricken in accordance with the Standing Order.

<u>**Conclusion**</u>

For the foregoing reasons, Plaintiff's Motion to Delay Response to Defendants' Motion in the Alternative for Summary Judgment should be DENIED.

Date: October 26, 2018

/s/_____
Timothy F. McCormack
  D.C. Bar No. 385025
Michelle M. McGeogh
  D.C. Bar No. 994451

BALLARD SPAHR LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202
Tel: (410) 528-5600
Fax: (410) 528-5650
E-mail: mccormackt@ballardspahr.com

*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY on this 26th day of October, 2018, the foregoing was served via first-class postage prepaid mail to:

> Reginald Leamon Robinson
> 1904 Autumn Ridge Circle
> Silver Spring, MD 20906

/s/_____
Timothy F. McCormack